# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNAE HAMID, *et. al.*<br>3 Maple Street<br>Downingtown, PA 19335 | **CIVIL ACTION NO.:** |
| Plaintiffs, | **COMPLAINT AND JURY DEMAND** |
| v. | **COLLECTIVE AND CLASS ACTION ON BEHALF OF ALL SIMILARLY SITUATED PERSONS** |
| THE CHESTER COUNTY HOSPITAL,<br>d/b/a PENN MEDICINE<br>701 E. Marshall Street<br>Westchester, PA 19380<br>  and<br>UNIVERSITY OF PENNSYLVANIA<br>HEALTH SYSTEM<br>3400 Spruce Street<br>Philadelphia, PA 19104 | |
| Defendants. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Jennae Hamid (*hereinafter* referred collectively as "Plaintiff," unless otherwise indicated), on behalf of herself and all employees/former employees who are similarly situated to her (as described *infra*) hereby bring this collective and class action against Defendants.

### INTRODUCTION

1. Plaintiff has initiated the instant collective and class action(s) to redress violations by Defendants of the Fair Labor Standards Act "FLSA" (29 U.S.C. §§ 201, *et. seq.*), the Pennsylvania Minimum Wage Act ("PMWA" - 43 Pa. Stat. Ann. §§ 333.101-333.115), and the Pennsylvania Wage Payment and Collection Law ("PWPCL" – 43. Pa. Sta. Ann. §§ 260.1, *et. seq.*). Plaintiff specifically asserts in this lawsuit that Defendants have intentionally, knowingly,

1

and despite complaints having been made by personnel such as Plaintiff, continued to illegally deprive hourly-paid nurses *owed* wages and overtime compensation.

## JURISDICTION AND VENUE

2.  This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiffs' claims because they arise under a federal law - the FLSA. There lies supplemental and/or ancillary jurisdiction over Plaintiffs' state-law claims as they arise out of the same common nucleus of operative facts as Plaintiffs' federal claims.

3.  This Court may properly maintain personal jurisdiction over Defendants because their contacts with this State and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.  Plaintiff is an adult *sui juris* individual with a residential address as set forth above.

7.  The University of Pennsylvania Health System ("Defendant UPHS") is a major multi-hospital health system headquartered in Philadelphia, Pennsylvania. One of the hospitals it

oversees, manages, and operates as part of its enterprise and system is Chester County Hospital ("Defendant CCH").

8. Defendant UPHS is the employer of Plaintiff, administers her employment benefits, pays her through its payroll, requires her to follow its practices and policies, and is her employer pursuant to its own personnel documentation. Defendant CCH is also a direct employer of Plaintiff where she physically works, follows directives of Defendant CCH management (who in turn report to Defendant UPHS management), and Defendant CCH oversees all aspects of nursing staff within its facilities (and overall hospital)

9. Defendants are properly considered a single, joint and/or integrated employer as they:

> (a) Both oversee compensation, benefits, and human resources matters for nursing employees such as Plaintiff;
>
> (b) Both direct, give policies to, and coordinate the work of nurses such as Plaintiff;
>
> (c) Both have the ability to compensation, transfer, demote, pay, hire and terminate nursing employees such as Plaintiff;
>
> (d) Both appear on business and personnel documentation of nursing employees such as Plaintiff;
>
> (e) Both advertise as the same enterprise and operation in advertising and the internet;
>
> (f) Both share resources, management, oversight of operations, and responsibilities of employees (such as Plaintiff) and patients; and
>
> (g) Both were directly aware of hospital-wide unlawful denial of compensation and overtime owed to Plaintiff and similarly situated employees but knowingly failed to correct such illegal conduct, despite joint ability to prevent and/or remedy same.

3

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff has been nursing staff for Defendants for approximately 8 years. In particular, Plaintiff has worked for Defendants ***as an hourly-paid***, Registered Nurse ("RN").

### (A) Scope of Class & Collective Action:

13. Plaintiff pursues the above-captioned lawsuit on behalf of herself and all similarly situated employees. By *similarly situated*, Plaintiff intends this lawsuit to include:

> (1) Only individuals who have been physically employed within Defendant CCH physically for Defendants within the 3 years preceding the filing of his lawsuit and anytime through the present and pendency of this lawsuit; and
>
> (2) Only nursing staff of Defendants, inclusive of Registered Nurses ("RNs") and Licensed Practical Nurses ("LPNs") as they have, based upon Plaintiff's work, experience, and observations performed similar roles, worked similar schedules, and have been treated in the same manner.[1] RNs and LPNs are hereinafter collectively referred to as "Nursing Staff."

### (B) Plaintiff seeks relief for 4 types of *policy-based* violations that are *uniformly applied* (albeit unlawfully) to Nursing Staff, as follows:

14. Plaintiff and all Nursing Staff – all of whom are non-exempt employees and entitled to overtime compensation - experience many types of wage and overtime violations on a weekly basis, in the past and presently. In order to outline such violations, Plaintiff herein uses as

---

[1] The anticipated scope of this lawsuit currently excludes other nursing staff such as Certified Nursing Assistants, Nursing Assistants, and other hourly personnel. However, should it be discovered during the course of this lawsuit that all hourly personnel are unlawfully paid as outlined in detail herein, Plaintiff(s) reserves the right to amend the lawsuit to include such hourly personnel herein.

4

an example her bi-weekly pay period ending July 28, 2019, as illustrated below (which is reflective of a pattern of violations weekly in all pay periods):

**Week # 1 of Plaintiff's bi-weekly pay period ending July 28, 2019 (7/15/18 to 7/21/18)**

|  | Sunday 7/15/18 | Tuesday 7/17/18 | Wednesday 7/18/18 | Thursday 7/19/18 | Saturday 7/21/18 |
|---|---|---|---|---|---|
| **Hours worked** | In: 11:00 PM Out: 7:44 AM | In: 7:53 AM Out: 9:10 AM | In: 2:58 PM Out: 3:29 AM | In: 6:53 AM Out: 11:30 AM | In: 6:54 AM Out: 7:23 PM |

**Week # 2 of Plaintiff's bi-weekly pay period ending July 28, 2019 (7/22/18 to 7/28/18)**

|  | Sunday 7/22/18 | Monday 7/23/18 | Tuesday 7/24/18 | Wednesday 7/25/18 | Friday 7/27/18 | Saturday 7/28/18 |
|---|---|---|---|---|---|---|
| **Hours worked** | In: 6:54 AM Out: 7:08 PM | In: 7:00 AM Out: 3:37 PM | In: 10:54 PM Out: 11:32 AM | In: 10:53 PM Out: 11:19 AM | In: 6:54 AM Out: 7:19 PM | In: 7:00 AM Out: 11:43 PM |

15. The above-referenced 2-week timeframe (hereinafter referred to as the "July 2018 pay period example") accurately reflects the payroll records of Defendants showing the exact times Plaintiff clocked in for work and clocked out from work within Defendants' timekeeping system(s).

### (1) Legal Violation 1 – Surreptitious Weekly Hourly Rate Reductions of the Weekend Rate to Avoid Full Overtime Obligations.

16. As discussed more *infra*, Plaintiff's *regular* rate of pay per hour is $43.00 per hour.[2] However, Plaintiff is entitled to a Weekend Hourly Rate of at least $48.00 per hour. And weekend work within Defendants – as a matter of policy - has been defined as any work performed commencing at 3:00 PM on Friday through 7:00 AM on Monday. The phrase of "at

---

[2] Throughout this lawsuit, pay rates will be specified. They may have modestly changed through Plaintiff's tenure with Defendants (due to performance or entity-wide increases), but the types of violations they are used to illustrate have been consistent.

5

least $48.00 per hour" is used herein because if Plaintiff is assigned certain weekend shifts (typically later in the day), she is also entitled to up an additional $5.00 *per hour* shift differential (making her weekend rate as high as $53.00 - $54.00 per hour).

17. An itemization Plaintiff was provided *based upon complaints to her management about wage and overtime violations* reflects that Plaintiff was paid **only for a total of 21 hours** at her weekend rate in the July 2018 pay period example. However, Plaintiff worked in excess of 50 hours at her weekend rate.

18. Through numerous complaints of wage and overtime concerns internally to Defendants' management, Plaintiff has come to realize that Defendants have (and continue to) illegally and without knowledge of Nursing Staff: (1) not pay them at their weekend rates *when they work overtime hours* during each week; and (2) instead surreptitiously reduce their weekend rates and pay Nursing Staff for weekend work at their regular pay rates to lessen the overall overtime obligations. This results in both wage violations and overtime violations.

19. Plaintiff and all similarly situated Nursing Staff are not paid *at a promised wage rate* for weekend work when Defendants choose to lessen overtime pay by using non-weekend rates to lessen overtime obligations. This is a *per se* violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et. seq.*, which then also creates a direct violation of state and federal overtime laws by not paying a full overtime rate on Nursing Staff's actual wage rate.

**(2) Legal Violation 2 – Non-payment of overtime properly when holidays are worked by Nursing Staff.**

20. Defendants have an unlawful business-wide policy concerning holiday and overtime pay affecting Plaintiff and all those similarly situated which is a *per se* unlawful overtime policy as applied.

6

21. Defendants have an express policy that requires employees to be paid a holiday premium (1.5 x hourly rate for hours worked on holidays). Holiday pay <u>is a wage</u> protected and guaranteed under the Pennsylvania Wage and Collection Law(s). *See* 43 P.S. § 260.2a.

22. However, Defendants have continually applied an unlawful payroll practice and policy of not properly paying overtime compensation concerning holidays. In particular: (a) if Plaintiff or Nursing Staff works 32 hours of non-holiday time; and (b) then works 8 hours on a legal holiday (totaling 40 hours); (c) they are <u>not paid</u> overtime if they then work an additional 8 hours (or anytime over 40 hours) on a 6th day *during the same week* as mandated by the Pennsylvania Minimum Wage Act and Fair Labor Standards Act. This is because Defendants unlawfully consider the holiday pay *as if paid for overtime* when in fact the holiday is merely an enhanced pay rate just for working on a particular day or shift (also creating an enhanced overtime rate).

### (3) <u>Legal Violation 3</u> – Non-payment of overtime for auto-deducted breaks.

23. Defendants have utilized different practices through Plaintiff's tenure (over many years) of initially taking automatic break deductions and transitioning to practices whereby Nursing Staff are supposed to indicate when they do not or are unable to take breaks.

24. Plaintiff often works long shifts and is so busy attending to patients that she rarely gets to take breaks and often snacks while working or works through her breaks. Plaintiff at times barely has time to use a restroom during her shifts; and in the event she has some downtime, Plaintiff generally uses such time to catch up on documentation or charting.

25. Plaintiff and Nursing Staff have been the victim of auto-deducted breaks and having breaks deducted improperly overall. This constitutes a wage violation and an overtime violation.

26. Plaintiff and Nursing Staff have unlawfully: (1) had breaks they have not taken auto-deducted; and (2) breaks they indicated they were unable to take not properly indicated in the payroll system.

### (4) <u>Legal Violation 4</u> – Overall deflated wage rates and overtime compensation.

27. In the above-referenced July 2018 pay period example, Plaintiff worked a total of 125.5 hours during a 2-week period (at least, *as counted* by Defendants). Plaintiff thus worked 45 hours in the July 2018 pay period example. This type of extensive overtime was very commonly worked by Plaintiff and similarly situated Nursing Staff within Defendants on a weekly or bi-weekly basis.

28. Defendants have and continue provide Plaintiff and Nursing Staff with paystubs indicating clearly the total number of hours for which they are paid. But the paystubs fail to indicate in any reasonable manner how the calculations of total shift differentials, weekend rates, and overtime are calculated. Indeed, multiplying the number of hours worked in the itemization by the pay rate specified in the itemization generally fails to mathematically equal the total sum payed in the same row or column.

29. Defendants disseminate paystubs and pay itemizations to Plaintiff and Nursing Staff that reflect: (1) improper payment of shift differentials; (2) improper payment of overtime rates; (3) improper payment of weekend or regular rates; (4) pay only at "regular" rates instead of enhanced policy-based rates; and (5) overall calculate overtime pay at the lowest rates worked by Plaintiff and Nursing Staff to deprive them of wages and/or overtime compensation.

### (C) The unlawful payroll practices identified herein are done so knowingly and willfully.

30.     Plaintiff complained to Defendants' administration on numerous occasions about not being paid wages and overtime properly. Plaintiff's complaints spanned months. She was: (1) at times ignored; (2) at times told that is just the way it is; or (3) and on another occasion told even though Plaintiff's concerns were legitimate, the hospital "is too poor right now" to change its practices.

31.     No reasonable business, let alone a sophisticated health system, could plausibly believe they are engaging in good faith by and through the manner in which payroll is made to Nursing Staff. Liquidated damages should "automatically" be awarded doubling Plaintiff and Nursing Staff's unpaid overtime compensation.[3]

### (D) Class and Collective Action certification will be warranted in this case.

32.     Plaintiff has reviewed the above-captioned lawsuit, approved of its content, and expressly authorizes a class and collective action.

33.     The class of Nursing Staff at issue will likely be in the minimum range of 100-500 persons. Joinder of all members is impracticable.

---

[3] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

34. Each and every class member will have identical questions of law and fact at issue in this case, and the narrow categories of violations outlined in this lawsuit turn on implicit and explicit policies of Defendants.

35. All defenses of the Defendants will be aligned and identical as to each current or putative plaintiff.

36. Adjudication by class or collective action is the most efficient, legally-appropriate, and effective mechanism to remedy hospital-wide unlawful pay practices towards Nursing Staff.

**Count I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**- Collective Action -**

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. At all times relevant herein, Defendants have and continue to be "employer[s]" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

39. At all times relevant herein, Defendants to this Action were responsible for paying wages and overtime compensation to Plaintiff and other similarly situated Nursing Staff.

40. At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA, as were Nursing Staff who also worked in similarly situated positions.

41. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff and similarly situated Nursing Staff, at 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

10

42. At all times during his employment with Defendant, Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

43. Plaintiff has outlined 4 categories of wage and overtime violations that clearly violate the FLSA *supra*. Plaintiff thus seeks all available relief under this Statute, equitable, legal or otherwise.

### Count II
### Violation of the Pennsylvania Minimum Wage Act ("PMWA")
(Unpaid Overtime)
- **Class Action** -

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. The allegations as set forth in Count I are restated and reaffirmed herein as the Pennsylvania Minimum Wage Act ("PMWA") provides the same and overlapping protections for unpaid overtime compensation to Plaintiffs and similarly situated employees. Moreover, state and federal law(s) are analyzed in the same manner (as to the underpinnings of the allegations herein).

46. Defendant's non-payment of overtime compensation to Plaintiffs and similarly situated employees has and continues to therefore constitute a violation of the PMWA.

### Count III
### Violation of the Pennsylvania Wage Payment and Collection Law ("PWPCL")
(Unpaid Overtime)
- **Class Action** -

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11

48. The exact same practices resulting in non-payment of overtime directly resulted in wage violations as well. By way of example, the bulk of overtime violations and damages suffered by Plaintiff and Nursing Staff arose from Defendants unlawfully and without notice concealing in paystubs that they were reducing promised pay rates to in turn deflate overtime obligations of Defendants.

49. The wage violations and overtime violations in this lawsuit are substantially intertwined and arise out of the same nucleus of operative facts. Plaintiff and all similarly situated Nursing Staff should be entitled to unpaid wages, inclusive of all equitable and legal damages permitted by the PWPCL.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

(A) Defendants are to compensate Plaintiffs and all similarly situated employees, reimburse them and make them whole for any and all pay Plaintiffs and similarly situated employees would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, wages, and unpaid overtime;

(B) Plaintiffs and similarly situated employees should be awarded liquidated or other penalty damages, as permitted by law(s) herein;

(C) Plaintiffs and other similarly situated employee should be given the most liberal interpretation of any applicable statute of limitations for equitable and legal reasons;

(D) Plaintiffs and similarly situated employees should be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law(s);

(E) Any verdict in favor of Plaintiffs and other putative Plaintiffs are to be molded by the Court to maximize the financial recovery available to them in light of the caps on certain damages set forth in applicable state or federal law(s); and

(F) Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020

Date: August 22, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Jennae Hamid                                                       : CIVIL ACTION
                                                                   :
                    v.                                             :
                                                                   :
The Chester County Hospital, d/b/a Penn Medicine, et al.           : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 8/22/2019 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __3 Maple Street, Downingtown, PA 19335__

Address of Defendant: __701 E. Marshall Street, Westchester, PA 19380; 3400 Spruce Street, Philadelphia, PA 19104__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/22/2019__   _____   __ARK2484 / 91538__
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [X] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
     *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
     *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __8/22/2019__   _____   __ARK2484 / 91538__
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HAMID, JENNAE

**DEFENDANTS**
THE CHESTER COUNTY HOSPITAL, d/b/a PENN MEDICINE, et al.

(b) County of Residence of First Listed Plaintiff: **Chester**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA, PMWA and the PWPCL.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/22/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE