IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNAE HAMID, *et. al.* | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO.: 19-3773 |
| THE CHESTER COUNTY HOSPITAL, d/b/a PENN MEDICINE and UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM | : |
| Defendants. | : |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR CONDITIONAL CERTIFICATION**

Plaintiff, Jennae Hamid ("Plaintiff"), files the instant Reply Brief in support of her Motion to Conditionally Certify an FLSA Collective Action. Pursuant to this Court's Procedures, Plaintiff *solely* addresses arguments made by Defendants not previously addressed.

**I. Defendants attempt to have this Court rule on the *merits* of this case without Plaintiff having the opportunity to engage in <u>any</u> discovery of applicable payroll records and systems in this matter, which are *essential* to proving Plaintiffs' claims**

In Defendants' brief, they ask this Court to consider *some* of Plaintiff's time and payroll records, along with declarations of its payroll manager and counsel, not just for the purported proposition that Plaintiff is not similarly situated to others, but for the proposition that Plaintiff's claims will not ultimately be founded or have already been satisfied. *See* Def. Resp. (Dkt. No. 23) at pp. 3, 14-15. This, however, is an entirely improper evaluation by the Court at this preliminary stage before more formal and complete discovery has been conducted. Importantly, Plaintiff does not have the benefit of engaging in discovery or having *all* of her pay records available to her to fully *prove* her claims to the Court at this point (she has, however, verified the same under oath).

"During this first-tier inquiry, *we ask only whether the plaintiff and the proposed representative class members allegedly suffered from the same scheme. A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant*." See *Goldman v. RadioShack Corp.,* CIV.A. 2:03-CV-0032, 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003)(emphasis added). Courts regularly hold that evidence or information submitted which go to the merits of the case or credibility of Plaintiff at this first stage is premature. *See Goldman.,* 2003 WL 21250571, at *8 (granting certification and denying an inquiry into the merits of whether an employee was exempt during the "lenient" first tier of analysis)(*citing Eisen v. Carlisle & Jacqueline,* 417 U.S. 156, 178 (1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits...."); *Talarico v. Pub. P'ships, LLC*, No. 17-2165, 2018 U.S. Dist. LEXIS 140514, at *8 (E.D. Pa. Aug. 20, 2018)(merits of the case are irrelevant to class certification)(citing *Pereira v. Foot Locker, Inc*., 261 F.R.D. 60, 63-64 (E.D. Pa. 2009)); *Jordan v. Meridian Bank*, No. 17-5251, 2019 U.S. Dist. LEXIS 44256, at *39 (E.D. Pa. Mar. 18, 2019)).

Defendants' self-serving allegations that Plaintiff's claims are only partially legitimate or that it has *fully* satisfied Plaintiff's claims *cannot* be taken as true by Plaintiff or this Court without first having the full opportunity to test the veracity of such claims or to perform calculations on all necessary records, *which Plaintiff does not have*. The fact that Plaintiff took an *unconditional* payment from Defendants *for just a potion* of those wages owed to her, without any agreement to dismiss her claims, does not negate them. The cases cited to by Defendants in this regard are easily distinguishable, as in *Jackson,* the defendant ***did*** supply all necessary records to prove that the claims were fully satisfied and in *Fast*, the Court did not dismiss the case as moot, but simply stated regarding the allegation that full payment was made that "***if that is true,***" then the defendant

"*may*" have an argument that conditional certification should be denied, but that because discovery was stayed, "Fast is not in a position to dispute Cash Depot's evidence on this issue," and thereafter granted a lift of the stay in discovery for the parties to "assess their respective positions and determine where, if at all, any dispute still exists." *See Fast v. Cash Depot Ltd.*, 296 F. Supp. 3d 998, 1006 (E.D. Wis. 2017); *Jackson v. Hands on Nursing, Inc.*, No. 1:18-cv-2442, 2019 U.S. Dist. LEXIS 93003, at *3 n.1 (M.D. Pa. June 4, 2019).

II. **Plaintiff has laid out sufficient evidence of common practices by Defendants resulting in underpayments applicable to all nurses under the same system, and Defendants demand improper analyses into the individualized factual differences between employees which is better left for the second stage of the certification analysis**

To the extent Defendants argue certification should be denied because of the number of individuals who could have been affected by the violations, this is *not* a reasonable basis in which to deny certification. *See* Def Resp. (Dkt. No. 23) at p. 4. Collective and class actions serve the very purpose of rectifying claims of many individuals who have been impacted through similar wage violations, as is the case here. Whether there were 5 people affected by Defendants' system and practices or thousands, this does not have any effect on whether those individuals are similarly situated to each other.[1]

Similarly, while Defendants allege that it would require every nurse to be questioned in order to prove Plaintiff's claims, this is simply untrue. Regardless of Plaintiff's understanding regarding how collective actions are litigated,[2] as supported by Plaintiff's initial Motion and

---

[1] Plaintiff submits that the testimony referenced by Defendants in this regard only supports her arguments, which states that *all nurses* were affected *in a variety of ways*. Ex. A at pp. 43-45.

[2] In its brief, Defendants attempt to misconstrue Plaintiff's meal break claim by stating that the same requires individual questioning of each nurse, but this is not actually the case. The claim asserted by Plaintiff is that Plaintiff and other similarly situated employees were not paid for meal breaks they had not taken *despite providing notification to management through handwritten books and/or through a punch clock that they had worked through those lunch breaks*. Exhibit A at 113-115, 131-132. *Management even admitted* to Plaintiff that Defendant was having problems with such breaks being deleted. *Id.* While Defendant also focused their questioning of Plaintiff on

certification, each claim can be equally identified for each employee simply by viewing payroll records submitted to the same centralized location (employee submissions and Defendants' resulting calculations), *which are held by Defendants*.

While Defendants further attempt to pick apart the amount of specificity other nurses have provided to Plaintiff regarding the payroll issues they similarly faced, this demands more from Plaintiff than is required at the lenient first stage of analysis. The fact that numerous other individuals informed Plaintiff that their pay "never seemed to be calculated correctly" and that they "always seemed to be short in their paychecks" is significant evidence (in addition to what has already been laid out in Plaintiff's Motion and cited below) that Plaintiff was not alone with regard to her allegations. *See* Exhibit A at p. 49. It is not a requirement at this stage that others must be specifically aware of the complicated technical issues Defendants have with their own systems and algorithms in order to engage in discovery on the same, just that they are similarly situated.[3] On this same note, just because there are more departments than Plaintiff personally worked in, this does not mean that those other individuals are not similarly situated. Plaintiff has personally worked in *numerous* departments during her employment, swearing that the impermissible practices by Defendants affected each, and there is no reason to believe that any of the additional departments would be any different. Notably, Defendants do not dispute that those other departments are subject to the same systems or the same centralized payroll. In any event, Courts have held that inquiries into whether claims will require too much factual analysis and/or

---

whether or not there were instances where Plaintiff or others had been discouraged from reporting breaks, this does not change Plaintiff's claims at issue in this matter.

[3] Similarly, the fact that Plaintiff has not personally seen the payroll records of others (Df. Brief at p. 6) is not a proper consideration for this Court at this point, and would lead to a denial of nearly all attempts to achieve conditional certification, as it is exceptionally rare that employees have the opportunity or reason to view the private payroll documentation of other employees.

individualized inquiries ***are not*** appropriate at this stage, and are better left for the second phase of the analysis.[4] *Belt v. P.F. Chang's China Bistro, Inc*., No. 18-3831, 2020 U.S. Dist. LEXIS 119283, at *16-17 (E.D. Pa. July 8, 2020)(allegations that "Plaintiffs' claims are too individualized to be litigated collectively are 'relevant to determination of a stage two decertification issue after discovery has closed.")(citing *Pereira*, 261 F.R.D. at 66 (citation omitted); *Rocha v. Gateway Funding Diversified Mortg. Servs., L.P*., No. CV 15-482, 2016 U.S. Dist. LEXIS 71494, at *9 (E.D. Pa. June 1, 2016) ("Gateway's argument that individualized determinations will make this case unsuitable for a collective proceeding is 'best left for the second stage of FLSA collective action certification.' (citation omitted)); *Barrios v. Suburban Disposal, Inc.*, No. 2:12-CV-03663, 2013 U.S. Dist. LEXIS 175157, at *3 (D.N.J. Dec. 11, 2013) ("This 'individualized inquiry' argument is properly addressed on a motion for final certification, not a motion for conditional certification."); *Burkhart-Deal*, 2010 U.S. Dist. LEXIS 9534, 2010 WL 457127, at *3 ("[A] defendant's claim or defense that individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process."); *Drummond v. Herr Foods Inc.*, No. 13-5991, 2015 U.S. Dist. LEXIS 25302, at *9 (E.D. Pa. Mar. 2, 2015)(same).

Defendants' arguments that Plaintiff has not worked in every single department operated by Defendants would not only fall to the second tier of analysis under the above caselaw, but similar arguments have been rejected by Courts even as to locations in separate states. *See Jordan,* 2019 U.S. Dist. LEXIS 44256, at *40-42 (E.D. Pa. Mar. 18, 2019)(granting certification and stating

---

[4] Some of Defendants' arguments even reference cases analyzing whether or not <u>decertification</u> is appropriate, such as Defendants' arguments regarding the disparities between the number of break cancellations by nurses (which discovery has not yet been conducted on). *See Jarosz v. St. Mary Medical Center,* No. 10–3330, 2014 WL 4722614, at *7 (E.D.Pa. Sept. 22, 2014).

that even when "the record is not compelling as to the number of [] branches involved" plaintiffs "need not adduce evidence from employees located in every one of [a defendant's] offices to satisfy their burden of proof for certification of a collective action across three states.")(*citing Bradford v. Logan's Roadhouse, Inc*., 137 F. Supp. 3d 1064, 1078-79 (M.D. Tenn. 2015) (conditionally certifying an FLSA nationwide collective action in all states in which the defendant operates even though the plaintiffs did not present evidence from employees who worked in every state); *Garcia v. Nunn*, Civ. A. No. 13-6316, 2016 U.S. Dist. LEXIS 39188, 2016 WL 1169560, at *3-4 (E.D. Pa. Mar. 25, 2016) (conditionally certifying *nationwide* FLSA collective based on Plaintiff's declaration describing conditions in five states)).

Moreover, although Defendants state that other putative members have not joined this lawsuit (Df. Resp. at p. 7), this is not a determinative factor as to whether conditional certification should be granted. *See Doe v. Banc, Jack & Joe LLC,* No. 17-cv-03843 (KSH) (CLW), 2020 U.S. Dist. LEXIS 95129, at *16 n.3 (D.N.J. June 1, 2020)(stating that while some districts have required a showing that there is substantial interest in joining the litigation, "***this theory is not universally held, and significantly, <u>is not observed in the Third Circuit</u>***")(emphasis added). It is not surprising that Plaintiff may not have others to join the suit at this point in litigation, *as she has not yet had the opportunity to provide notice to others of the lawsuit and their ability to join the same*. The Undersigned Counsel must avoid soliciting prospective plaintiffs to join this lawsuit prior to the notice period, as the same could be a violation of the rules of ethics. In any event, there are numerous reasons that a putative plaintiff may not be willing to join an action prior to notice being sent, including, importantly, a lack of awareness regarding the same or fear of retaliation being only one of two individuals to bring suit against Defendants.[5] In fact, Plaintiff made clear during

---

[5] This fear is especially warranted in this matter, as Plaintiff was harassed and ultimately

her deposition that she did not solicit others to join, as she was of the understanding that she was not to discuss the same with anyone. Exhibit A at pp. 17-25, 28-30, 41, 45-52, 71-75, 77-80, 118-126, 164-165, 180. While employees *did* tell her that they experienced similar issues (and management *admitted* to Plaintiff that the same applied hospital wide- Ex. A at pp. 72, 75, 77-80), rather than directing those individuals to her attorney, she directed them to payroll to handle the situation. *Id.* Courts have granted certification under similar circumstances to those present here. *See Viscomi v. Clubhouse Diner,* No. 13-4720, 2016 U.S. Dist. LEXIS 43375, at *12 (E.D. Pa. Mar. 30, 2016)(stating that **"Courts 'routinely certify[] conditional collective actions based on the plaintiff's affidavit declaring they have personal knowledge that other coworkers were subjected to similar employer practices."**)(collecting cases); *Lucke v. PPG Indus.,* No. 13cv0966, 2013 U.S. Dist. LEXIS 176293, at *10 (W.D. Pa. Dec. 16, 2013)("although there are no other named Plaintiffs at this time, Plaintiff's affidavit sets forth sufficient facts to show that there are similarly situated employees with regard to job requirements, job titles, hours of work and pay structures. Importantly, according to Plaintiff, they share very similar job duties developed by the same Management Team, and implemented by a single training department"); *Arroyo v. Aspen Constr. Servs*., No. 19-5317, 2020 U.S. Dist. LEXIS 136061, at *8-9 (E.D. Pa. July 31, 2020)(granting certification based largely on a single affidavit of the plaintiff, as well as receipts simply showing employees were paid in cash); *Fracasse v. People's United Bank*, No. 3:12-CV-670 (JCH), 2013 U.S. Dist. LEXIS 84534, at *8 (D. Conn. June 17, 2013)(granting certification based on a single affidavit of plaintiff); *Young v. Hobbs Trucking Co*., No. 3:15-cv-991, 2016 U.S. Dist. LEXIS 72147, at *7-8 (M.D. Tenn. June 1, 2016)(granting certification based on single affidavit and paystubs showing a flat rate); *Adams v. Wenco Ashland, Inc*., No. 1:19CV1544, 2020

---

pretextually terminated after complaining of payroll issues and filing the instant lawsuit.

U.S. Dist. LEXIS 90856, at *9 (N.D. Ohio May 22, 2020)("[a] court can conditionally certify a collective action under the FLSA on the strength of a single affidavit or declaration if that document sets forth sufficient facts from which the court may reasonably infer the existence of other employees who were subject to the same wage and work hours policy as plaintiff.")(collecting cases); *Tanski v. Avalonbay Cmtys., Inc.*, No. CV 15-6260 (AKT), 2017 U.S. Dist. LEXIS 112506, at *33-34 (E.D.N.Y. Mar. 31, 2017)(stating "courts have conditionally certified a collective of employees spanning multiple locations based on the allegations and affidavit of a single plaintiff who worked at only one location.")(collecting cases).

While Defendants refer largely to *Wright* claiming that additional affidavits are necessary, the instant case is easily distinguished by the detail of Plaintiff's complaint and affidavit, and *Wright*'s allegations pertained to whether nurses individually worked outside of their scheduled shifts without being paid, as opposed to this matter, which relates to Defendants' payroll system and algorithms, applicable to all nurses and not dependent on individual testimony. *See Wright v. Lehigh Valley Hosp.*, No. 10-431, 2010 U.S. Dist. LEXIS 86915, at *2-4 (E.D. Pa. Aug. 24, 2010). Moreover, <u>Defendants *admit* that at least part of Plaintiff's claims are well founded and applied to numerous nurses as a result of errors within its payroll system and associated algorithms</u>.[6]

### III. Plaintiff should be provided with Defendants' employees' contact information for notice purposes, including email addresses, as is standard

Plaintiff should be provided with the contact information of potential opt-in plaintiffs, which is <u>standard</u> discovery following certification. "A district court also has the power to direct a defendant to produce the names and contact information of potential plaintiffs… As a practical matter, courts often order the production of such information at the notice stage." *See Verma v.*

---

[6] While Plaintiff does not blindly accept Defendants' self-serving statements that they have made Plaintiff and others whole, the fact that there are admitted errors in Defendants' systems applicable to more than just Plaintiff is significant at this lenient stage.

*3001 Castor, Inc.,* CIV.A. 13-3034, 2014 WL 2957453, at *13 (E.D. Pa. June 30, 2014)(*citing Colozzi v. St. Joseph's Hospital Health Center*, 595 F.Supp.2d 200, 210 (N.D.N.Y. 2009) ("***It is certainly not controversial that in a case such as this, where preliminary certification has been granted, defendants should be required to provide names and addresses of potential opt-in plaintiffs; indeed, <u>discovery of such information was specifically authorized by the Supreme Court</u>*** . . . .") (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989)(additional citation omitted))(emphasis added); *See also Doe v. Banc, Jack & Joe LLC,* No. 17-cv-03843, 2020 U.S. Dist. LEXIS 95129, at *20 n.4 (D.N.J. June 1, 2020)(citations omitted).

While Defendants claim that a third-party claims administrator should be appointed, such an administrator is completely unnecessary, as there is no reason to Defendants to believe that there will be any impropriety by the Undersigned Firm facilitating notice. *See Wysincavage v. Penn Nat'l Gaming*, No. 2:16-cv-1063, 2017 U.S. Dist. LEXIS 186786, at *21 (S.D. Ohio Oct. 23, 2017)(denying requirement of an administrator stating the court "trusts that counsel for both parties will deal with any personal information of the Putative Class with due care."); *Gibbs v. MLK Express Servs., LLC*, No. 2:18-cv-434-FtM-38MRM, 2019 U.S. Dist. LEXIS 78007, at *52 (M.D. Fla. Mar. 28, 2019)(denying third-party claims administrator as unnecessary); *Diaz v. Scores Holding Co.*, 2008 U.S. Dist. LEXIS 38248, at *15-16 n.2 (S.D.N.Y. May 9, 2008)(same); *Brand v. Comcast Corp.*, No. 12 CV 1122, 2012 U.S. Dist. LEXIS 137714, at *26 (N.D. Ill. Sep. 26, 2012); *Hensley v. Eppendorf N. Am., Inc*., No. 14-CV-419-BEN (NLS), 2014 U.S. Dist. LEXIS 78477, at *23 (S.D. Cal. June 5, 2014); *Sanchez v. Simply Right, Inc*., No. 15-cv-00974-RM-MEH, 2017 U.S. Dist. LEXIS 77702, at *18-19 (D. Colo. May 22, 2017)(denying recommendation for a third-party administrator based upon "speculating that plaintiffs' counsel will use the telephone numbers for improper purposes").

Defendants also claim that Plaintiff should not be permitted to send the notices via email, but only by US Mail. Such an argument, however, is *extremely* outdated and does not fairly provide notice to individuals in an increasingly technological world. More recent cases reveal that "it is appropriate in the modern digital age to distribute notice by mail, email, and text, because although people frequently move and change addresses, they typically retain the same email addresses and phone numbers." *See Belt v. P.F. Chang's China Bistro, Inc*., No. 18-3831, 2020 U.S. Dist. LEXIS 119283, at \*25-27 (E.D. Pa. July 8, 2020); *Arroyo v. Aspen Constr. Servs*., No. 19-5317, 2020 U.S. Dist. LEXIS 136061, at \*19 (E.D. Pa. July 31, 2020)("electronic communication, such as email, is now commonplace and does not unduly burden defendants"); *Sanchez v. Santander Bank*, N.A., No. 17-5775 (PGS)(DEA), 2019 U.S. Dist. LEXIS 198094, at \*8 (D.N.J. Nov. 15, 2019)("In this day of electronic communications, courts in this District have found notice by electronic means in conjunction with first class mail to be an appropriate method of facilitating notice… given the ease with which current technology permits anyone so motivated to convert a hardcopy notice to electronic form and disseminate it, the Court disagrees that emailed notice presents any greater risk to the integrity of the notice process than notice provided by first class mail"); *Bland v. PNC Bank*, N.A., No. 15cv1042, 2015 U.S. Dist. LEXIS 159579, at \*7-8 (W.D. Pa. Nov. 25, 2015)(sending the notice by email and U.S. Mail is "reasonable").

As to Defendants' claim that Plaintiff's certification request is overbroad, it is clear from Plaintiff's, pleadings, brief, and proposed notice that this not the case. *See also Mott v. Driveline Retail Merch., Inc*., 23 F. Supp. 3d 483, 490 (E.D. Pa. 2014)(granting 120-day opt in). Plaintiff requests a limitation to those who have suffered any of the enumerated issues within Plaintiff's narrowly tailored proposed notice. *See* Dkt. No. 14 *at* Exhibit C. Plaintiff is further willing to confer with Defendants on a joint proposal for a notice should that be the Court's preference.

                                Respectfully submitted,

                                **KARPF, KARPF & CERUTTI, P.C.**

                                */s/ Timothy S. Seiler*
                                Timothy S. Seiler, Esq.
                                Ari R. Karpf, Esq.
                                Two Greenwood Square
                                3331 Street Road, Suite 128
                                Bensalem, PA 19020
                                (215) 639-0801 Phone
Dated: September 8, 2020       (215) 639-4970 Fax

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNAE HAMID, *et. al.* | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : **CIVIL ACTION NO.: 19-3773** |
| | : |
| THE CHESTER COUNTY HOSPITAL, d/b/a PENN MEDICINE and UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM | : |
| | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I certify that on the date set forth below I served the Defendants with Plaintiffs' Reply in support of his Motion for Conditional Class Certification via ECF:

Michael J. Puma, Esq.
Brett Janich, Esq.
Morgan Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103

*/s/ Timothy S. Seiler*
Timothy S. Seiler, Esq.

Dated: September 8, 2020