### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNAE HAMID, *et. al.*,  : | |
|     Plaintiffs, : | |
| : | |
| v. : | Civil No. 2:19-cv-03773-JMG |
| : | |
| THE CHESTER COUNTY HOSPITAL, : | |
| d/b/a PENN MEDICINE : | |
|     and : | |
| UNIVERSITY OF PENNSYLVANIA : | |
| HEALTH SYSTEM : | |
|     Defendants. : | |

### MEMORANDUM

**GALLAGHER, J.**                                                                                          **DECEMBER 16, 2020**

Jennae Hamid asserts claims against The Chester County Hospital and the University of Pennsylvania Health System (*hereinafter* "Defendants") under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), alleging that Defendants did not pay her and other employees similarly situated to her proper overtime compensation and that Defendants improperly deducted from their pay time for breaks which the employees did not take. Hamid seeks conditional certification of her collective action. For the reasons that follow, the Court will conditionally certify the proposed class.

### I.     FACTUAL BACKGROUND

Plaintiff Jennae Hamid has worked for Defendants Chester County Hospital ("CCH") for approximately ten (10) years, most of which she has spent as an hourly-paid registered nurse. Plaintiff alleges that she and similarly situated employees performed work for Defendants but were

not properly paid (1) the correct hourly shift rates previously agreed upon, thereby resulting in improper overtime compensation; (2) the correct weekend hourly rates previously agreed upon, thereby resulting in improper overtime compensation; (3) the correct holiday rates previously agreed upon, thereby resulting in improper overtime compensation; and (4) time for breaks which employees did not take, but were nevertheless auto-deducted from their pay. ECF No. 1 at ¶¶ 13, 16-30. As a result, Hamid alleges that Defendants have violated their obligations under the FLSA, the PMWA and the PWPCL.

## II. LEGAL STANDARD

The FLSA provides employees a right to sue collectively on behalf of themselves and other similarly situated individuals for violations of the minimum wage and overtime provisions of the Act. *See* 29 U.S.C. § 216(b). The FLSA further provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). For FLSA collective actions, the Third Circuit embraces a two-tiered certification process: a more lenient standard for conditional certification; and a stricter standard for final certification. *See Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 535 (3d Cir. 2012).

Conditional certification is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process. *See id.* at 536 (citing *Hoffman–La Roche v. Sperling*, 493 U.S. 165 (1989)). The Court does not evaluate the merits of a case when ruling on a motion for conditional certification. *Garcia v. Vertical Screen, Inc.*, 387 F. Supp.3d 598, 604 (E.D. Pa. 2019). Rather, the "sole consequence" of conditional certification is the dissemination of court-approved notice to potential collective action members. *Halle v. W. Penn*

*Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)).

For conditional certification, the Third Circuit has adopted the "modest factual showing" standard, under which a named plaintiff must produce some evidence—beyond mere speculation—to demonstrate a "factual nexus" between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members. *Halle*, 842 F.3d at 224 (quoting *Zavala*, 691 F.3d at 536 n. 4). Relevant factors include, but are not limited to, whether the plaintiffs (1) are employed in the same department, division, and location; (2) advance similar claims; (3) seek substantially the same form of relief; and/or (4) have similar salaries and circumstances of employment. *See Carr v. Flowers Foods, Inc.*, No. CV 15-6391, 2019 WL 2027299, at *4 (E.D. Pa. May 7, 2019) (*citing Zavala*, 691 F.3d at 536–37).

Notably, at the initial certification stage, the Court need not determine conclusively whether the class is viable. In particular, the Court should defer questions about whether individualized determinations will predominate and render the case unsuitable for collective action to the second step of the certification process. *See Rocha v. Gateway Funding Diversified Mortgage Servs., L.P.*, 2016 WL 3077936, at *9 (E.D. Pa. June 1, 2016). Accordingly, the Court will assess any dissimilarities among distributors, which might exclude a potential class member, at the second step of certification. *See, e.g.*, *Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018).

### III.     ANALYSIS

####    A.     **Conditional Certification**

Hamid seeks conditional certification of a collective class consisting of:

> Nursing Staff of Defendants including RNs and LPNs over the last three years prior to the filing of the complaint who worked within Chester County Hospital physically; who performed work but were not paid minimum wages and/or overtime wages of at least one and one half times the applicable regular rate for each hour worked beyond forty (40) hours in a given work week; and who opt in to this collective action.

(ECF No 14, at 5.)  The Court concludes that she has made the modest factual showing necessary to for conditional certification of this class.

First, all members of the proposed class work under the same general job classification as Nurses for Defendants and all work within Chester County Hospital, and Plaintiffs have made the "modest factual showing" required to satisfy this Circuit's lenient conditional certification standard.  Hamid has provided some evidence, beyond mere speculation, of a "factual nexus" between Defendants pay and break structure policy for Hamid, and Defendants' pay and break structure policy for other Nurses.

Second, Hamid asserts claims that are similar to the class that she seeks to certify.  She asserts that Defendants policies and procedures with respect to pay rates, shift differentials, overtime and meal breaks apply to herself and all members of the proposed class and resulted in their having performed overtime and/or having worked through breaks without having been properly paid overtime and/or minimum wages.

Third, Hamid seeks substantially the same form of relief for herself and for all members of the proposed class:  underpaid overtime and/or minimum wages.

Fourth, and finally, Hamid has made a modest showing that she has the same circumstances of employment as other Nurses.  Hamid claims she has personal knowledge that all Nurses are

subject to the same policies and standards, perform the same or substantially similar job duties, are uniformly classified by Defendants under the same general job classification as Nurses, all physically work within the same hospital ("CCH"), are all classified as hourly employees and non-exempt, all submit hours to and are paid by the same centralized payroll location and all have performed overtime and/or have worked through breaks without proper overtime pay and/or minimum wages for the same.

### B. Form of Notice and Opt-In Consent

Once a court conditionally certifies a collective action, it possesses the discretion to provide court-facilitated notice. *See Hoffmann-La Roche*, 493 U.S. at 170. District courts have broad discretion in the implementation of notice to proposed plaintiffs. *See id.* at 169; *see also Drummond v. Herr Foods Inc.*, No. Civ.A. 13-5991, 2015 WL 894329, at *5 (E.D. Pa. Mar. 2, 2015). Taking both Parties' requests into account, the Court will impose certain conditions on the time limits and provision of the notice. Those conditions are set forth in the Order accompanying this Memorandum.

### IV. CONCLUSION

In light of the foregoing, Plaintiffs' Motion for Conditional Certification is granted. An appropriate Order follows, with conditions on time and provision of the notice set forth therein.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge